AO 241 (Rev. 09/17)

5:23-cv-325-TPB-PRL

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: Fifth |
|---|---|
| Name (under which you were convicted): Washington, Calvin | Docket or Case No.: 22-1532 |
| Place of Confinement: Graceville Corr. Facility 5168 Ezell Rd. Graceville, FL 32440 | Prisoner No.: U55616 |
| Petitioner (include the name under which you were convicted) Washington, Calvin | Respondent (authorized person having custody of petitioner) v. State Of Florida |
| The Attorney General of the State of: Ashley Moody | |

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Marion County, Florida

   (b) Criminal docket or case number (if you know): 22-1532

2. (a) Date of the judgment of conviction (if you know): September 27, 2016

   (b) Date of sentencing: September 27, 2016

3. Length of sentence: 30 years

4. In this case, were you convicted on more than one count or of more than one crime?  ☑ Yes  ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: Aggravated Battery Great Body Harm, Aggravated Assault, False Imprisonment, Battery, Resist w/o violence

6. (a) What was your plea? (Check one)
   - ☐ (1) Not guilty
   - ☐ (2) Guilty
   - ☑ (3) Nolo contendere (no contest)
   - ☐ (4) Insanity plea

AO 241 (Rev. 09/17)

    (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

    (c) If you went to trial, what kind of trial did you have? (Check one)

        ☐ Jury     ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a (post-trial hearing?)

    ☑ Yes     ☐ No

8. Did you appeal from the judgment of conviction?

    ☑ Yes     ☐ No

9. If you did appeal, answer the following:

    (a) Name of court: *The Fifth District Court Of Florida Appeal (Circuit court)*

    (b) Docket or case number (if you know):

    (c) Result: *Denied Relief*

    (d) Date of result (if you know):

    (e) Citation to the case (if you know):

    (f) Grounds raised: *On Initial appeal I raised a violation of Competency Claim, procedure.*

    (g) Did you seek further review by a higher state court?     ☑ Yes     ☐ No

        If yes, answer the following:

        (1) Name of court: *5th District Court of Florida*

        (2) Docket or case number (if you know):

        (3) Result: *Denied Relief*

AO 241 (Rev. 09/17)

    (4) Date of result (if you know): _____

    (5) Citation to the case (if you know): _____

    (6) Grounds raised: I raised the same Competency ground on a State habeaus Corpus.

  (h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☑ No

    If yes, answer the following:

    (1) Docket or case number (if you know): _____

    (2) Result: _____

    (3) Date of result (if you know): _____

    (4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☑ Yes  ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

  (a)  (1) Name of court: Marion County, FL Circuit Court

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: 3.850 Ineffective assistance of Counsel

    (5) Grounds raised: Counsel failed to adopt my oral motions to withdraw my plea, and discharge Counsel, prior to sentencing. Counsel failed to order Competency hearing.

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?
    ☑ Yes  ☐ No

    (7) Result: Denied Relief

      (8) Date of result (if you know):   December 10, 2021

  (b) If you filed any second petition, application, or motion, give the same information:

      (1) Name of court:

      (2) Docket or case number (if you know):

      (3) Date of filing (if you know):

      (4) Nature of the proceeding:

      (5) Grounds raised:

      (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        ❐ Yes    ❐ No

      (7) Result:

      (8) Date of result (if you know):

  (c) If you filed any third petition, application, or motion, give the same information:

      (1) Name of court:

      (2) Docket or case number (if you know):

      (3) Date of filing (if you know):

      (4) Nature of the proceeding:

      (5) Grounds raised:

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☑ Yes   ☐ No
(2) Second petition: ☐ Yes   ☐ No
(3) Third petition:  ☐ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

This is the first time filing a Federal Habeas Corpus to this level/court.

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** Counsel failed to adopt my oral motion to withdraw my plea prior to sentencing.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

During September 12, 2016 status hearing I asked to withdraw my plea, then a week later too. Counsel testified to this, but failed to request a hearing to permit me an opportunity to present reasons why. This violates my 6th constitutional right. At the evidentiary hearing 12/10/2022, Counsel testified he didn't believe I want to withdraw my plea, so he refused to adopt my oral motions made in Court at the 9/12/2016 status hearing. Despite the inconsistancy of Counsel's testimony, the Courts denied my 3.850.

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

Page 6 of 16

AO 241 (Rev. 09/17)

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: Because it is not a trial court error but a Counsel error.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes  ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: 

Name and location of the court where the motion or petition was filed: 

Docket or case number (if you know): 

Date of the court's decision: 

Result (attach a copy of the court's opinion or order, if available): 

(3) Did you receive a hearing on your motion or petition?  ☑ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☑ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☑ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: 5th DCA and office of Attn. General of State of Florida

Docket or case number (if you know): 22-1532

Date of the court's decision: February 2023

Result (attach a copy of the court's opinion or order, if available): 

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:** Counsel failed to adopt my oral pro se motion to discharge Counsel.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

At the 9/12/2016 status hearing I asked to discharge Counsel, but Counsel failed to adopt my oral motions so that I can have reasons presented to support my request. This violates my 6th constitutional right. At the 12/10/2022 evidentiary hearing Counsel testified that he didn't believe I wanted to discharge him, so he did not adopt my oral motion for that reason. And despite counsel's many inconsistancies in his testimony at 12/10/2022 evidentiary hearing, the Court denied my 3.850 motion. My Conflict attorney Mr. Reiter highlighted several reasons why the plea should have been withdrawn, and how Counsel was ineffective for not adopting my oral motion to discharge Counsel.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)   **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: Because this is not a trial Court error but an error of trial Counsel.

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?   ☑ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☑ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: 5th DCA and office of Attorney general for State of Florida

Docket or case number (if you know): 22-1532

Date of the court's decision: February 2023

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____

**GROUND THREE:** Counsel failed to request a Competency hearing. After new evidence surfaced.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

At the 9/12/2016 status hearing requested by the state, Ms. Monroe. Ms. Monroe informed the Court of her doubts to my Competence to stand trial. Counsel didn't filed a motion to address the doubts, but instead relied on a previous report over six months old to proceed after new evidence surfaced. At the 12/10/2022 evidentiary hearing, Counsel testified that he told the Court on 5/04/2016 colloquy hearing, that I didn't understand my plea/Case. The Court state on 12/10/2022 was suppose to play an audio recording to refute my claim, but didn't play it. Counsel testified it wasn't a transcriber error. However, Conflict attorney Mr. Reiter dropped this ground without my agreement. This altogether violates my Constitutional right to a fair trial with Competent attorney.

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☑ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
  ☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: State habeas Corpus

Name and location of the court where the motion or petition was filed: Office of Attorney General and 5th District Court of appeal

Docket or case number (if you know):

Date of the court's decision: Sometime in 2019

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☑ No
(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☑ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

After State Habeas Corpus was denied I didn't appeal because I was not able to file a petition which could elaborate the issue. I had explained it best as possible, and feared filing a duplicate motion to Courts.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: I raised the Competency ground in a 3.850 ineffective Counsel, since he was aware I was unsure what I plead to, and the state prosecutor expressing doubts of my Competency 9/12/2016.

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Page 11 of 16

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

AO 241 (Rev. 09/17)

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☑ Yes   ☐ No

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

   All grounds herein are presented for the first time to federal courts.

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☑ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☑ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Wanda Chatman

(b) At arraignment and plea: Peter Sziklai

(c) At trial: Peter Sziklai

(d) At sentencing: Peter Sziklai

(e) On appeal: Pro Se

(f) In any post-conviction proceeding: Michael Reiter

(g) On appeal from any ruling against you in a post-conviction proceeding: Pro Se

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☐ Yes   ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☐ Yes   ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

I've been granted several extension to timely file motions. I also have amended several times. These reason not including the states extensions; Is why I'm now filing this motion. In addition, the time stops when filing certain motions. In addition, after 12/10/2022 evidentiary hearing, Conflict Counsel failed to appeal lower Court denial. I discovered this when I checked the status of the would be appeal. Then since he had not done so, his firm filed the appeal belated. So if this petition isn't timely I ask that I be Pardoned do to counsels error. His name is Michael Paul Reiter out of Ocala Florida

AO 241 (Rev. 09/17)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Reverse and remand for court to set a hearing for all grounds to be properly addressed. Allow me to present reason to withdraw plea, discharge counsel. Or all other relief this honorable court deems fit.
or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on 5/18/2023 (month, date, year).

Provided to Graceville Correctional Facility
on 5/18/23  CW  for mailing
by _____.

Executed (signed) on _____ (date).

*Calvin Washington*
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____
_____
_____

Page 16 of 16